# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK EARL WHITE,

        Petitioner,         Case Number: 2:08-CV-10679

v.        HONORABLE MARIANNE O. BATTANI

PATRICIA CARUSO,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Mark Earl White, who is currently released on parole, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions in Saginaw County Circuit Court for operating a motor vehicle while intoxicated. Respondent has filed an answer arguing that the petition should be dismissed because it contains unexhausted claims.

**I.**

Petitioner pleaded guilty in Saginaw County Circuit Court to operating a motor vehicle while intoxicated. On August 17, 2007, Petitioner was sentenced to fifteen months to ten years' imprisonment.

On October 3, 2007, Petitioner filed a petition for writ of habeas corpus in the Michigan Court of Appeals. The petition was not filed with the court because Petitioner failed to comply with the filing fee requirements. *White v. Dep't of Corrections*, No. 281030 (Mich. Ct. App. Oct. 25, 2007). Petitioner filed an application for leave to appeal in the Michigan Supreme

Court. The court denied Petitioner's motion to waive fees and his appeal was not filed with the court because he failed to submit a partial filing fee. *White v. Dep't of Corrections*, No. 135566 (Mich. Feb. 21, 2008).

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Whether defendant was denied his U.S. Constitutional rights by the trial court's refusal to hear *pro per* motion and by granting personal recognizance bond to deny due process rights and punish prior to any findings of guilt.
>
> II. The Michigan Department of Corrections failed/refused to correct a policy/rule under Michigan Constitutional 1963 Art. 6 Section 1 authority that caused material prejudice to defendant's due process rights.
>
> III. The trial court and MDOC administrative court were divested of jurisdiction by a judicial admission which rendered further action by both courts a nullity and caused substantial and material harm and false imprisonment.

The Michigan Court of Appeals denied leave to appeal. *People v. White*, No. 283421 (Mich. Ct. App. July 25, 2008).

Petitioner filed a *pro per* motion for reconsideration raising three new claims:

> I. Defendant in this case was a victim of malicious vindictive prosecution by the trial judge, Saginaw County Prosecutor's Office and appointed trial counsel.
>
> II. The trial court denied defendant his constitutional rights by denying defendant the right to represent himself and to be tried before an impartial court, which are structural constitutional errors requiring automatic reversal, and when the judge threatened defendant with maximum sentence if he did not plead, this rendered the plea involuntary.
>
> III. Defendant did not waive his right to file in the trial court to withdraw his plea or correct the record and was denied effective assistance of appellate counsel who refused to file to preserve the issue thereby denying defendant his constitutional rights.

The Michigan Court of Appeals denied the motion for reconsideration. *People v. White*,

2

No. 283421 (Mich. Ct. App. Aug. 27, 2008).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

I. Defendant was denied the right to represent himself.

II. Defendant was denied the Sixth Amendment right to file a defense where trial counsel refused to file the defense defendant insisted was correct.

III. Defendant was denied appellate counsel of choice and local appellate counsel assigned to prevent valid claims from being presented.

IV. Defendant was denied an impartial judge.

V. The trial court judge participated in plea negotiations and induced defendant to plead guilty by threatening a life sentence, forced defendant to begin trial with counsel he fired and with no effective assistance.

VI. The trial court and court of appeals are enforcing an unconstitutional rule by insisting all pleadings must be filed through counsel, which caused a default of timely filing.

VII. The record of the trial court proceedings was falsified in violation of federal and state criminal law, a conspiracy requiring investigation.

VIII. Defendant was denied effective assistance of appellate counsel who refused to file in the trial court and refused to investigate claims.

IX. The trial court and prosecutor acted on a threat against defendant to waive constitutional rights or be thrown back in prison; malicious/vindictive prosecution.

X. The trial court granted appeal to defendant's claim of violation fo speedy trial rights.

XI. The MDOC failed to amend its policy under law that provides certified mail notice of pending felony charges within 180 days to probationers and parolees facing new charges.

XII. Defendant was denied his right to effective assistance of counsel.

The Michigan Supreme Court denied leave to appeal. *People v. White*, No. 137316

(Mich. Nov. 25, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the following claims:

I. Whether the trial court improperly denied Petitioner his right to self-representation.

II. Whether the trial court violated Petitioner's constitutional rights by not allowing him to file pro per motions in his own defense.

III. Whether Petitioner's speedy trial rights were violated

IV. Whether Petitioner's guilty plea was involuntary.

V. Whether Petitioner was denied the right to the attorney of his choice.

VI. Whether the State requirement that a defendant file his motions at trial only through his counsel violated the Federal Constitution.

VII. Whether the trial court, prosecutor, and court reporter conspired to falsify the trial transcripts.

VIII. Whether appellate counsel was ineffective for failing to raise issues I-VII, XII, and XIII in Petitioner's application for leave to appeal in the Michigan Court of Appeals.

IX. Whether Petitioner was punished for asserting his right to a speedy trial.

X. Whether the State court lost jurisdiction over Petitioner prior to his plea because of the violation of his speedy trial rights set forth in Issue III.

XI. Whether the Michigan Department of Corrections is violating Petitioner's constitutional rights by failing to send certified mail.

XII. Whether trial counsel was ineffective for failing to assert Petitioner's speedy trial rights.

XIII. Whether the State statute which denies a parole violator the right to appeal his revocation violates the Federal Constitution.

XIV. Whether the trial court erred in ordering Petitioner to reimburse the county for expenses incurred by his trial and appellate counsels.

XV. Whether the Michigan Court of Appeals and Michigan Supreme Court erred in dismissing Petitioner's State petition for habeas corpus for failure to pay the filing fee.

**II.**

Respondent argues that the petition should be dismissed because all but three of Petitioner's claims are unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To be properly exhausted, each claim must have been "fairly presented" to both the state court of appeals and the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner's second, tenth, and eleventh claims were presented on direct review to both the Michigan Court of Appeals and Michigan Supreme Court. Those claims, therefore, are exhausted.

Petitioner's first, fourth, and eighth claims were presented for the first time in Petitioner's motion for reconsideration of the Michigan Court of Appeals' denial of his application for leave

5

to appeal. A claim has not been fairly presented when it is presented for the first time in a procedural context which makes consideration on its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also Black v. Ashley*, No. 94-00155, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) ("The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely."). Petitioner's presentation of new issues in a motion for reconsideration before the Court of Appeals was procedurally inappropriate, and highly unlikely to result in a review of his claim on the merits. *See People v. Smith*, No. 174367, 1997 WL 33343896, at * 2 (Mich. Ct. App. Oct. 31, 1997) (holding that a motion for rehearing or reconsideration ordinarily may not be used to raise new issues). Therefore, these claims are not properly exhausted. *See Paredes v. Johnson*, 230 F.3d 1359, 2000 WL 1206544, *1-2 (6th Cir. Aug.18, 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals are unexhausted for purposes of federal habeas review); *Boyd v. Rapelje*, No. 09-CV-10575, 2010 WL 374105, *2 (E.D. Mich. January 26, 2010) (same).

Petitioner's third, sixth, seventh, and ninth claims were presented in Petitioner's state petition for a writ of habeas corpus. The petition was dismissed by the Michigan Court of Appeals and Michigan Supreme Court because Petitioner failed to comply with filing free requirements. Therefore, these claims also are not properly exhausted.

Petitioner's remaining claims for habeas relief were presented for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court, which declined to review the claims. "[A]n issue has not been fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review.

6

*Warlick v. Romanowski*, No. 09-1199, 2010 WL 729528, *8 (6th Cir. March 03, 2010), *citing Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). These claims, therefore, are also unexhausted.

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claims. Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, February 19, 2008, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within sixty days of this Court's Order and returning to federal court within sixty days of exhausting his state remedies. *See id.* at 718.

7

Finally, if Petitioner decides not to pursue exhaustion of his unexhausted claims in state court, he may file a motion in this Court within thirty days of the date of this Order requesting that the matter be reopened and the unexhausted claims deleted.

**III.**

For the foregoing reasons, **IT IS ORDERED** that Respondent's the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from February 19, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within sixty days of exhausting state court remedies.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: April 16, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner and Counsel for the Respondent via ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager

8