UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. WHITE,

        Petitioner,                    Case Number: 2:08-CV-10679
                                                    HON. MARIANNE O. BATTANI

v.

PATRICIA CARUSO,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Mark E. White filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for operating a motor vehicle while intoxicated. He argues that his convictions were obtained in violation of his constitutional rights because the trial court would not allow him to file *pro per* motions in his own defense, the state court lacked jurisdiction because of a violation of his speedy trial rights, and the Michigan Department of Corrections will not allow him to send certified mail. Respondent argues that the claims are meritless and/or non-cognizable.

The Court denies the petition.

### I. Background

Petitioner pleaded guilty in Saginaw County Circuit Court to operating a motor vehicle while intoxicated. On August 17, 2007, Petitioner was sentenced to fifteen

months to ten years' imprisonment.

On October 3, 2007, Petitioner filed a petition for writ of habeas corpus in the Michigan Court of Appeals. The petition was not filed with the court because Petitioner failed to comply with the filing fee requirements. White v. Dep't of Corrections, No. 281030 (Mich. Ct. App. Oct. 25, 2007). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The court denied Petitioner's motion to waive fees and his appeal was not filed with the court because he failed to submit a partial filing fee. White v. Dep't of Corrections, No. 135566 (Mich. Feb. 21, 2008).

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Whether defendant was denied his U.S. Constitutional rights by the trial court's refusal to hear *pro per* motion and by granting personal recognizance bond to deny due process rights and punish prior to any findings of guilt.
>
> II. The Michigan Department of Corrections failed/refused to correct a policy/rule under Michigan Constitutional 1963 Art. 6 Section 1 authority that caused material prejudice to defendant's due process rights.
>
> III. The trial court and MDOC administrative court were divested of jurisdiction by a judicial admission which rendered further action by both courts a nullity and caused substantial and material harm and false imprisonment.

The Michigan Court of Appeals denied leave to appeal. People v. White, No. 283421 (Mich. Ct. App. July 25, 2008).

Petitioner filed a *pro per* motion for reconsideration raising three new claims:

> I. Defendant in this case was a victim of malicious vindictive prosecution by

the trial judge, Saginaw County Prosecutor's Office, and appointed trial counsel.

II. The trial court denied defendant his constitutional rights by denying defendant the right to represent himself and to be tried before an impartial court, which are structural constitutional errors requiring automatic reversal, and when the judge threatened defendant with maximum sentence if he did not plead, this rendered the plea involuntary.

III. Defendant did not waive his right to file in the trial court to withdraw his plea or correct the record and was denied effective assistance of appellate counsel who refused to file to preserve the issue thereby denying defendant his constitutional rights.

The Michigan Court of Appeals denied the motion for reconsideration. People v. White, No. 283421 (Mich. Ct. App. Aug. 27, 2008).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

I. Defendant was denied the right to represent himself.

II. Defendant was denied the Sixth Amendment right to file a defense where trial counsel refused to file the defense defendant insisted was correct.

III. Defendant was denied appellate counsel of choice and local appellate counsel assigned to prevent valid claims from being presented.

IV. Defendant was denied an impartial judge.

V. The trial court judge participated in plea negotiations and induced defendant to plead guilty by threatening a life sentence, forced defendant to begin trial with counsel he fired and with no effective assistance.

VI. The trial court and court of appeals are enforcing an unconstitutional rule by insisting all pleadings must be filed through counsel, which caused a default of timely filing.

VII. The record of the trial court proceedings was falsified in violation of federal

3

and state criminal law, a conspiracy requiring investigation.

VIII. Defendant was denied effective assistance of appellate counsel who refused to file in the trial court and refused to investigate claims.

IX. The trial court and prosecutor acted on a threat against defendant to waive constitutional rights or be thrown back in prison; malicious/vindictive prosecution.

X. The trial court granted appeal to defendant's claim of violation of speedy trial rights.

XI. The MDOC failed to amend its policy under law that provides certified mail notice of pending felony charges within 180 days to probationers and parolees facing new charges.

XII. Defendant was denied his right to effective assistance of counsel.

The Michigan Supreme Court denied leave to appeal. People v. White, No. 137316 (Mich. Nov. 25, 2008).

Petitioner then a petition for a writ of habeas corpus, raising fifteen claims for relief. Respondent filed a motion to dismiss on the ground that all but three of the claims were unexhausted in state court. The Court granted the motion and dismissed the petition without prejudice. Petitioner then filed a motion to reopen the proceedings, delete the unexhausted claims and proceed with the exhausted claims. The Court granted the motion. Now before the Court are Petitioner's three exhausted claims:

I. The trial court violated Petitioner's constitutional rights by not allowing him to file *pro per* motions in his own defense.

II. The state court lost jurisdiction over Petitioner prior to his plea because of the violation of his speedy trial rights.

III. The Michigan Department of Corrections is violating Petitioner's

4

constitutional rights by failing to send certified mail.

## II.  Standard of Review

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413).  However, "[i]n order for a federal court find a state

court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggin*s*, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established

law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007), citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003); Dickens v. Jones, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Discussion

#### A.  Right to Present a Defense

First, Petitioner argues that his right to present a defense was violated when the trial court refused to consider motions he filed *pro per*. The trial court held that any motions needed to be filed through counsel.

Respondent argues that Petitioner waived consideration of this pre-plea claim, citing Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Id. at 267. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. Id; see also U.S. v. Ormsby, 252 F.3d 844, 848 (6th Cir. 2001) (holding that "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings"). Petitioner's claim that the trial

court denied him his right to present a defense is a pre-plea, non-jurisdictional claim waived by guilty plea. Accord Boylan v. Sublett, 1996 WL 528499, *1 (9th Cir. Sept. 13, 1996) (finding that habeas petitioner's guilty plea waived claim that trial court's rulings violated his right to present a defense); Barnett v. Warden, 2010 WL 1133222, *10 (E.D. N.Y. Sept. 15, 2009) (same). Habeas relief is denied.

### B. State Court Jurisdiction

Petitioner argues that the state court lacked jurisdiction to try him because it violated Michigan's 180-day rule. The "180-day Speedy Trial Act" is a Michigan law that requires a prison inmate who is the subject of a pending criminal charge to "be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information[ ] or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, . . . information [ ] or complaint." Mich. Comp. Laws § 780.131(1); see also Mich. Ct. Rule 6.004(D)(1). The remedy for violation is dismissal of the charges with prejudice. Mich. Ct. Rule 6.004(D)(2). Those provisions are matters of state law. They do not create federal constitutional rights by themselves. And "[a] federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984).

In addition, Petitioner's claim that the state court's violation of the 180-day rule divested it of jurisdiction is also not cognizable on federal habeas review. The determination of whether a particular state court is vested with jurisdiction under state

law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976); see also Hamby-Bey v. Bergh, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug.7, 2008); Chandler v. Curtis, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005); accord Write v. Angelone, 151 F.3d 151, 157-58 (4th Cir. 1998); Rhode v. Olk-Long, 84 F.3d 284, 287 (8th Cir. 1996). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. Strunk v. Martin, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001). The Court denies habeas relief on this claim.

### C. Mail Processing Claim

Finally, Petitioner argues that the Michigan Department of Corrections has interfered with his ability to send certified mail from prison. "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, . . .fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Petitioner's mail-related claim concerns only a condition impacting his confinement. It is therefore not properly raised in a habeas corpus petition. See id.; Hodges v. Bell, 170 F. App'x 389, 392-93 (6th Cir. 2006). If Petitioner wishes to challenge a condition of his confinement, he may do so by filing a complaint under 42 U.S.C. § 1983.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

Date:   June 23, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 23, 2014.

s/ Kay Doaks
Case Manager